UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WENDELL MAURICE CLARK,

     Petitioner,

  v.

SCOTT SPEER,

     Respondent.

CASE NO. 3:24-cv-06036-DGE-TLF

ORDER ON REPORT AND
RECOMMENDATION (DKT. NO.
27) AND PETITIONER'S
OBJECTIONS (DKT. NO. 30)

## I  INTRODUCTION

Before the Court are Petitioner's objections (Dkt. No. 30) to the Report and

Recommendation ("R&R") of Chief United States Magistrate Judge Theresa L. Fricke (Dkt. No.

27), which recommends denying both Petitioner's petition for writ of habeas corpus (Dkt. No. 5)

and his motion for appointment of counsel (Dkt. No. 23).  For the reasons that follow, this Court

ADOPTS the R&R in full.

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT.
NO. 30) - 1

## II    BACKGROUND

### A.  Factual Background

The Court adopts Judge Fricke's recitation of the facts (*see* Dkt. No. 27 at 2–5) but shades them in slightly.  As of the filing of his habeas petition, Petitioner is incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington.  (*See* Dkt. No. 5 at 1.)

Petitioner's criminal convictions arose out of an incident in April 2018.[1]  (Dkt. No. 14-3 at 85.)  On the evening of April 21, Petitioner went over to the apartment of S.V., whom he was dating at the time, and her teenage daughter K.V.  (*Id.* at 85–86.)  In the early morning hours of April 22, Petitioner and S.V. began engaging in consensual vaginal intercourse, but at some point during the encounter, Petitioner began engaging in anal intercourse with S.V. without asking or telling her.  (*Id.* at 86.)  S.V. protested that she was in pain and attempted to push Petitioner off her, but he pinned her down and continued to engage in intercourse with her.  (*Id.*)  Later, once Petitioner was asleep, S.V. texted her friend Katie Davis, who encouraged S.V. to contact the police.  (*Id.*)  Davis also reached out to K.V. and asked her to check in on her mother.  (*Id.*)  K.V. estimated it was about 1:00 a.m. when Davis contacted her.  (*Id.*)  K.V. knocked on S.V.'s door; S.V. told K.V. that she was "fine" but K.V. noticed S.V. "'was acting kind of off.'"  (*Id.*) (citation omitted).  K.V. thought nothing of her mother's demeanor until the next morning, when S.V. apparently continued to "'act[] a bit off.'"  (*Id.*) (citation omitted).

Later in the afternoon of April 22, Petitioner realized his car had been towed from S.V.'s apartment complex.  (*Id.*)  He was angry and insisted S.V. pay part of the towing fee; the couples' argument escalated and S.V. asked Petitioner to leave because he was scaring her.  (*Id.*)

---

[1] The narrative of the facts underlying this matter are pulled from the Washington Court of Appeals' part published opinion from June 25, 2024, regarding Petitioner's personal restraint petition ("PRP").  (Dkt. No. 14-3 at 84–111.)

He refused. (*Id.*) S.V. told K.V. to go to a neighbor's apartment and then told the neighbor to call the police. (*Id.* at 87.) Once police arrived, S.V. told them she wanted Petitioner to leave and disclosed that he had raped her the prior evening. (*Id.*) Petitioner was arrested and S.V. was transported to the hospital for a sexual assault examination. (*Id.*) During the physical examination, Detective Erik Anderson noticed bruising on S.V.'s body. (*Id.*) Petitioner told Detective Anderson that she had epilepsy and her memory sometimes diminished with time; she reported having a "'foggy or fuzzy'" memory as to the sexual encounter with Petitioner. (*Id.*) (citation omitted).

On May 2, 2018, Detective Anderson met with S.V. to take screenshots of the text messages between S.V. and Davis. (*Id.*) S.V. had not initially informed the police of her texts with her friend and had deleted the texts out of fear Petitioner would read them; she asked Davis to save them, and Davis later took screenshots of the messages and sent them back to S.V. (*Id.*)

Nearly a year later, on April 2, 2019, Detective Anderson reached out to S.V. about the messages again. (*Id.*) The screenshots Detective Anderson received from S.V. in May 2018 apparently had "portions of text that had been inadvertently cut off during a file transfer." (*Id.*) Because a year had passed since the messages were sent, Davis first retrieved the messages from Facebook Messenger and transferred them back to her phone as screenshots, but as a result the timestamps showed when Davis took the screenshots (rather than when the initial text conversation between Davis and S.V. occurred). (*Id.* at 87–88.) One of the screenshots did show a conversation timestamp of 1:13 a.m. (*Id.* at 88.) While speaking with Detective Anderson, Davis recalled receiving a "surprise message" from S.V. at "perhaps around 10:00 p.m." on April 22, 2018, regarding the incident with Petitioner. (*Id.*)

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 3

Petitioner was charged with second degree rape, fourth degree assault, and tampering with a witness, all with domestic violence designations.[2] (*Id.* at 88.)  The State made a plea offer of 51 months in May 2018.  (*Id.*)  At the time, Petitioner faced only a second-degree rape charge with a sentencing range of 78–102 months.  (*Id.* at 88–89.)  According to Petitioner's trial counsel, he rejected the plea offer because it required him to plead guilty to a sex offense.  (*Id.* at 89.)  On May 1, 2019, the State contacted Petitioner's counsel with an offer to resolve the case if Petitioner pled guilty in one of three ways: "'Rape 3 and tampering with a witness'; 'Indecent liberties without force'; or 'Assault 3 with sexual motivation.'"  (*Id.*) (citation omitted).  Petitioner apparently rejected each possibility because all three options were felony crimes that would have required him to register as a sex offender.  (*Id.*)  Petitioner apparently told his lawyer he would only consider a plea "'to a misdemeanor non-sex offense.'"  (*Id.*) (citation omitted).  The State made its final plea offer on May 10.  (*Id.*)  It stated Petitioner's minimum standard range, if convicted of all charges, was 86–114 months.[3]  (*Id.*)  The State's offer was for Petitioner to plead guilty to third degree rape with a minimum standard range term of 6–12 months.  (*Id.*)  Petitioner and his counsel apparently spoke about the offer over the phone and Petitioner declined the offer because he was "'absolutely not going to plead guilty to a sex crime.'"  (*Id.* at 89–90) (citation omitted).

---

[2] The State first filed an information in April 2018 charging Petitioner with only second-degree rape.  (Dkt. No. 14-3 at 88 n.2.)  The State filed an amended information in October 2018 and a second amended information in March 2019.  (*Id.*)  The charges upon which the parties proceeded to trial were the result of a third amended information filed on May 9, 2019.  (*Id.*)

[3] The Washington Court of Appeals noted, "[t]he State admits that the range indicated on the final plea offer was incorrect."  (Dkt. No. 14-3 at 89 n.3.)  According to the State, if Petitioner had been convicted on all charges, the plea offer "should have listed a standard range of 102–136 months."  (*Id.*)

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 4

The case went to trial on May 13, 2019. (*Id.* at 90.) A Clark County jury found Petitioner guilty of second-degree rape and fourth degree assault with domestic violence designations but acquitted him of the tampering with a witness charge. (*Id.* at 92.) In June 2019, he was sentenced to "the high end" of his sentencing range, which was 114 months' confinement, and imposed various community custody conditions. (*Id.* at 92–93.)

## B. Direct Appeal and Personal Restraint Petition

Petitioner appealed his sentence and judgment to the Washington Court of Appeals in January 2020. (Dkt. No. 14-1 at 35.) He argued he was denied effective assistance of counsel and that prosecutors engaged in misconduct during the trial. (*Id.* at 43.) The appellate court affirmed Petitioner's convictions on June 2, 2021. (*Id.* at 190.) Petitioner filed a motion to reconsider on June 21 (*id.* at 226); it was denied by the appellate court on August 4. (*Id.* at 235.)

Petitioner then filed a petition for review with the Washington Supreme Court on September 3, 2021. (*Id.* at 237.) On January 5, 2022, the Washington Supreme Court denied review without comment. (*Id.* at 308.) The Washington Court of Appeals then issued its mandate on January 12, making the June 2021 opinion affirming Petitioner's conviction the "decision terminating review[.]" (*Id.* at 310.)

On November 22, 2022, Petitioner filed a pro se personal restraint petition ("PRP") in the Washington Court of Appeals, again arguing ineffective assistance of counsel, prosecutorial misconduct, and that his sentence was facially invalid because the court had imposed conditions beyond its statutory authority. (Dkt. No. 14-2 at 2–51.) The court issued its opinion on June 25, 2024, and partially granted relief on Petitioner's claim regarding community custody conditions, which restricted him from "entering establishments where alcohol is the primary sale item and urine and breath screening[,]" because those conditions prevented conduct that was not related to

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 5

Petitioner's crimes. (Dkt. No. 14-3 at 106.) The court denied all other claims, including Petitioner's renewed claims of ineffective assistance of counsel and prosecutorial misconduct. (*Id.* at 111.)

Following the Court of Appeals' decision, Petitioner moved for discretionary review of the PRP with the Washington Supreme Court on July 24, 2024 (*id.* at 113), which the court denied on December 4, 2024. (*Id.* at 156.)

**C.  Procedural History of Habeas Petition**

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 26, 2024. (Dkt. No. 5.) He raised the following seven grounds for relief: (1) trial counsel rendered ineffective assistance when he misadvised Petitioner about the standard range sentence he faced; (2) trial counsel rendered ineffective assistance when he "failed to interview relevant witnesses, present evidence, object, or subpoena records"; (3) the prosecutor violated Petitioner's due process rights by "vouching for the approximate time" the text messages between S.V. and Davis were sent without having verified or investigated when the messages were actually sent; (4) the prosecutor violated Petitioner's due process rights by vouching for a witness's credibility, expressed a personal opinion as to Petitioner's guilt and made improper implications to the jury; (5) trial counsel rendered ineffective assistance by not requesting a change in venue or challenging the fact that there were no Black people in the jury pool; (6) trial counsel rendered ineffective assistance by contradicting Petitioner's testimony during closing arguments; and (7) the trial court violated Petitioner's due process rights by allowing the State to present prejudicial DNA forensic evidence at trial. (*Id.* at 5, 7, 8, 10, 12–14.)

In response, Respondents argued that Petitioner failed to exhaust grounds 2, 3, 4, 6, and 7 because he did not present those claims to the Washington Supreme Court as federal

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 6

constitutional issues. (Dkt. No. 13 at 10.) As such, Respondents argued these unexhausted claims are procedurally defaulted and barred from federal habeas review. (*Id.*) Respondents argued that although Petitioner properly exhausted claims 1 and 5, he is not entitled to relief under the deferential standard for ineffective assistance of counsel claims. (*Id.* at 22, 25) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). In his traverse, Petitioner conceded he did not exhaust grounds 3, 6, and 7. (Dkt. No. 22 at 62, 70.)

On November 4, 2025, Judge Fricke issued an R&R recommending Petitioner's habeas petition be denied on all grounds. (Dkt. No. 27.) Specifically, she determined Petitioner had not exhausted grounds 3, 4, 6, 7, and part of ground 2, and he had not shown that the state courts' adjudication of the ineffective assistance of counsel claims in grounds 1, 5, and part of ground 2 were "contrary to, or an unreasonable application of, clearly established federal law." (*Id.* at 29–30.) Petitioner filed objections on December 17. (Dkt. No. 30.)

For ground 1, Petitioner argues the R&R runs opposite of rulings made in federal and state courts, because other courts have held that erroneous advice from counsel about the duration of a sentence may rise to ineffective assistance. (*Id.* at 2–6.) He further objects to the state court's analysis on whether there was a reasonable probability a different plea offer would have been accepted by Petitioner, arguing that if it were not for counsel's deficient performance, he would have accepted the State's plea offer from May 10. 2019. (*Id.* at 10–11.)

As for ground 2, Petitioner objects to Judge Fricke's acceptance of the determination that counsel's use of the text messages to cast doubt on S.V.'s credibility was a legitimate trial strategy. (*Id.* at 14.) He makes various factual arguments about the messages and the various ways in which he believes trial counsel's failure to challenge the timestamps underscores his position that there was no legitimate trial strategy at play. (*Id.* at 13–22.) Petitioner also objects

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 7

to Judge Fricke's conclusion that he had not exhausted his ineffective assistance claims premised on his counsel's "failure to investigate" S.V.'s memory issues and to subpoena certain records. (*Id.* at 22–25.)

Finally, Petitioner objects to Judge Fricke's recommendation to deny ground 4 on exhaustion grounds because Washington law does not permit criminal defendants to "repeat claims they made during direct appeal in the PRP process." (*Id.* at 25.) Petitioner did not submit specific objections to the R&R's determinations on grounds 3, 5, 6, and 7. (*See generally* Dkt. No. 30.)

### III    STANDARD OF REVIEW

#### A. Review of R&Rs

A district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

Objections to an R&R must be "specific." Fed. R. Civ. P. 72(b)(2). "[M]ere incorporat[ion]" of arguments from the underlying motions, without identifying "what portions of the R&R" the objecting party "considers to be incorrect," does not constitute a specific objection, *Amaro v. Ryan*, Case No. 10–CV–48–TUC–RCC, 2012 WL 12702, at *1 (D. Ariz. Jan. 4, 2012), and therefore does not give rise to a court's obligation to conduct a *de novo* review, *Brandon v. Dep't of Corr.*, Case No. C21-5417-JCC, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021). "In the absence of a specific objection, the [C]ourt need only satisfy itself that there is no 'clear error' on the face of the record before adopting the magistrate judge's recommendation." *Venson v. Jackson*, Case No. 18-cv-02278-BAS-BLM, 2019 WL 1531271, at

*1 (S.D. Cal. April 8, 2019).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

### B.  Writ of Habeas Corpus Under 28 U.S.C. § 2254

A petitioner in custody pursuant to the judgment of a state court may challenge the constitutionality of their confinement under 28 U.S.C. § 2254.  *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004) (§ 2254 is the "exclusive avenue for a state court prisoner to challenge the constitutionality of his detention" when the prisoner is in custody pursuant to a state court judgment), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).  A state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is a matter of comity, intended to afford the state court "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal citations and quotation marks omitted).  That "opportunity" requires a prisoner to "fairly present" their claims to the appropriate state court for review, including a state supreme court with powers of discretionary review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  A state decision is "contrary to" clearly established Supreme Court precedent if the state court either "(1) arrives at a conclusion opposite to that

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 9

reached by the Supreme Court on a question of law, or (2) confronts facts 'materially indistinguishable' from relevant Supreme Court precedent and arrives at an opposite result." *Bell v. Arnold*, Case No. 2:25-cv-01320-BHS-GJL, 2025 WL 3852440, at *6 (W.D. Wash. Dec. 22, 2025) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)), *report and recommendation adopted by* Case No. C25-1320 BHS, 2026 WL 30055 (W.D. Wash. Jan. 5, 2026).

Deference is afforded to state courts under both prongs of § 2254(d). *See Williams*, 529 U.S. at 411 (a federal habeas court may not issue a writ under § 2254(d)(1) "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly[]"). The state court's application must be "unreasonable." *Id.* An "unreasonable" application of Supreme Court precedent occurs if the state court identifies the correct Supreme Court legal rule "but unreasonably applies it to the facts of a particular state prisoner's case[]"; it also occurs if the state court "unreasonably extends" Supreme Court principles to a new context where it should not apply or "unreasonably refuses" to extend a relevant principle to a new context in which it should apply. *Id.* at 407; *see also Hampton v. Shinn*, 143 F.4th 1047, 1077 (9th Cir. 2025) (citation omitted) ("At bottom, the 'contrary to' prong requires a direct and irreconcilable conflict with Supreme Court precedent.").

Under 28 U.S.C. § 2254(d)(2), a petitioner can only obtain relief if they show the state court's conclusion was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The reviewing federal court should presume the state court's factual findings "to be sound" unless the petitioner rebuts the "'presumption of correctness by clear and convincing evidence.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting § 2254(e)(1)). The standard is "demanding but not insatiable"; the Supreme Court has cautioned that "[d]eference does not by definition preclude relief." *Id.* (citation omitted).

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 10

When the requirements set forth in § 2254(d)(1) or § 2254(d)(2) are satisfied, a federal court is relieved of AEDPA deference "must resolve the claim without the deference AEDPA otherwise requires." *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007).

### IV    DISCUSSION

### A. Exhaustion and Procedural Default

Judge Fricke concluded Petitioner's grounds 2,[4] 3, 4, 6, and 7 are unexhausted because Petitioner has not fairly presented those claims as a federal constitutional issues before the Washington Supreme Court. (*See* Dkt. No. 27 at 22–24.)  She further concluded the same grounds for relief are procedurally defaulted and therefore she could not review them on the merits. (*Id.* at 27.)

### 1. Exhaustion of State Remedies

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard*, 404 U.S. at 275.  A claim is considered exhausted only after the state courts have been given a "meaningful opportunity" to consider a petitioner's claims of legal error before interference from the federal judiciary. *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (state prisoners must provide the state courts "one full opportunity to resolve any constitutional

---

[4] In the R&R, Judge Fricke noted that Petitioner "arguably raised an ineffective assistance of counsel claim" regarding his trial counsel's failure to "present contradictions to the State's timeline and making timely objections to the use of the text message evidence between S.V. and Katie Davis." (Dkt. No. 27 at 23.)  However, she pointed out that Petitioner did not fully exhaust remedies for the remainder of the allegations in ground 2; namely, that Petitioner's trial counsel did not investigate S.V.'s memory issues and did not subpoena certain records. (*Id.*; *see also* Dkt. No. 5 at 7.)  Petitioner objected to this finding, claiming those challenges were indeed presented to the state courts. (*See* Dkt. No. 30 at 22–25.)  The Court will review the ineffective assistance of counsel claim related to the text message timeline in Section IV(B) *infra* and will address Petitioner's objections to the remainder of Judge Fricke's findings on ground 2 in this section.

issues" before presenting the issues to a federal court).  The exhaustion requirement "refers only to remedies still available at the time of the federal petition[]"; if the petitioner fails to present claims in state court and can no longer raise them through a state procedure, "state remedies are no longer available, and are thus exhausted." *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002) (citations omitted).

Full and fair presentation of claims to a state's highest court requires the "full factual development" of the claims in that forum.  *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9 (1992), *superseded by statute* 28 U.S.C. § 2254(e)(2).  The petitioner must refer to a specific constitutional guarantee and provide a statement of the facts entitling them to relief on those grounds.  *Duncan v. Reese*, 513 U.S. 364, 365–366 (1995); *Kyzar v. Ryan*, 780 F.3d 940, 947 (9th Cir. 2015) (citation omitted) (a habeas petitioner "fairly presents" an issue to a state court when they "'present the substance of [their] claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief[]'").  A petitioner "does not exhaust a federal claim by raising a state claim that is similar to the federal claim: 'mere similarity of claims is insufficient to exhaust.'"  *Sanders v. Ryder*, 342 F.3d 991, 1000 (9th Cir. 2003) (quoting *Duncan*, 513 U.S. at 366).  The petitioner bears the burden of showing they have exhausted all available state remedies.  28 U.S.C. § 2254(b)(1)(A).

In his habeas traverse, Petitioner conceded he did not exhaust grounds 3, 6, and 7.  (Dkt. No. 22 at 62, 70.)  In his objections to the R&R, Petitioner only addressed aspects of Judge Fricke's analysis on ground 2 and stated he "respectfully disagrees" with her assessment that ground 4 was not exhausted, without discussing grounds 3, 6 and/or 7.  (*See* Dkt. No. 30 at 22–25.)  Because Petitioner conceded grounds 3, 6 and 7 were unexhausted and does not challenge Judge Fricke's analysis on those claims, the Court need not review de novo and concludes there

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 12

is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b); *Murray v. S. Ct. of Wash.*, Case No. 3:25-cv-05074-DGE, 2025 WL 1774742, at *2 (W.D. Wash. June 27, 2025) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)).  The Court reviews only the two grounds that have been properly objected to.

### a.  Ground 2

In the R&R, Judge Fricke observed that the state courts did not have a "full and fair opportunity" to determine if a federal constitutional violation occurred because Petitioner did not raise counsel's failure to investigate S.V.'s memory issues and/or the failure to subpoena certain records.  (Dkt. No. 27 at 23.)  Therefore, according to Judge Fricke, Petitioner failed to properly exhaust his ineffective assistance claim premised on these facts.  (*Id.*)  Petitioner objects, arguing that he did indeed make these challenges in state court as part of his overall claim that counsel failed to investigate his case properly.  (Dkt. No. 30 at 22–25.)

Claims that are not raised on every level of direct review are considered unexhausted.  *See Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992) (dismissing five claims because they were "not raised on every level of direct review, or were raised for the first time on habeas").  Here, Petitioner raised his concerns about S.V.'s unreliable memory on his appeal to the Washington Court of Appeals (*see* Dkt. No. 14-1 at 104–107), but his appeal to the Washington Supreme Court did not include that claim.  (*See id.* at 237–261.)  He renewed the claims related to S.V.'s memory in his PRP and at that point raised for the first time counsel's failure to "subpoena pertinent records," including S.V.'s phone records.  (Dkt. No. 14-2 at 40–49.)  These claims are consolidated in ground 2 of his habeas petition.  (Dkt. No. 5 at 7.)

Petitioner's position in his objections appears to be that the various factual bases he lumped together and presented to the Washington Supreme Court as trial counsel's "failure to

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 13

investigate [Petitioner's] case properly" encompasses all the bases for relief raised in ground 2 of his habeas petition, including S.V.'s memory and the failure to subpoena records. (Dkt. No. 30 at 22.) According to Petitioner, "some of the issues mentioned before the State Courts," including his challenge to the dates and times of Davis's text messages, fall into this general category. (*Id.* at 23.) But a petitioner who presented an ineffective assistance claim in state court cannot "later add unrelated alleged instances of counsel's ineffectiveness to [that] claim." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (citation and quotation marks omitted); *see also Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (en banc) (holding that an ineffective assistance claim for failure to vigorously cross-examine a witness did not exhaust ineffective assistance claims directed to other independent omissions by counsel).

Here, Judge Fricke acknowledged Petitioner had "arguably raised" an ineffective assistance of counsel claim regarding counsel's failure to "present contradictions to the State's timeline and making timely objections to the use of the text message evidence between S.V. and Katie Davis" (Dkt. No. 27 at 23); that finding, and Petitioner's objections to it, are addressed in Section IV(B)(3) *infra*. Petitioner cannot bootstrap other factual bases that were not properly exhausted in state court to this singular finding. *Gulbrandson*, 738 F.3d at 993 ("[A] petitioner does not exhaust all possible claims stemming from a common set of facts merely by raising one specific claim."); *see also Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) (citation omitted) (the petitioner's claim that "'counsel was ineffective for failing to investigate and present a viable defense[]'" did not fairly present the more specific claim that counsel was ineffective in "presenting the insanity defense"). The Court concludes that ground 2 of Petitioner's habeas petition has not been properly exhausted.

**b. Ground 4**

Judge Fricke found Petitioner failed to properly exhaust ground 4 because he did not fairly present that claim in the state court system or make clear he was claiming violations of the United States Constitution. (Dkt. No. 27 at 23–24.) Petitioner objects, arguing that Washington state law does not allow defendants "to repeat claims they made during direct appeal in the PRP process." (Dkt. No. 30 at 25.) He states that ground 4 was properly brought "as both state and federal constitutional issues during the direct appeal" in both the Washington Court of Appeal and Supreme Court. (*Id.*) From what the Court can glean, Petitioner's argument is that he has appropriately exhausted the constitutional claim in ground 4 because he was not permitted to raise the same claim in his PRP after raising it on direct appeal.

Petitioner is correct that Washington courts may not consider a PRP if the movant has "previously brought a collateral attack on the same or substantially similar grounds." *In re Becker*, 20 P.3d 409, 412 (Wash. 2001) (en banc). A collateral attack includes actions such as a PRP and a habeas petition. *Id.*; *see also* Wash. Rev. Code § 10.73.090(2). A PRP on a criminal conviction and sentence must raise "new points of fact and law that were not or could not have been raised in the principal action"; the PRP cannot be a "reiteration of issues finally resolved and upon appellate review." *Becker*, 20 P.3d at 412. A subsequent writ in state court is properly barred as a successive collateral attack prohibited by Washington Revised Code § 10.73.140 if it contains no new issues or is based on frivolous grounds. *Id.* at 413.

However, whether Petitioner was prohibited from bringing ground 4's constitutional claim in his PRP is a different question from whether Petitioner sufficiently exhausted the claim at every level of direct review in state court before raising it before this Court. The inquiry, then, is a straightforward one of exhaustion: whether Petitioner "fairly present[ed]" the federal

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 15

constitutional issue raised in ground 4 to each level of the state courts when he filed his direct appeal. *Kyzar*, 780 F.3d at 947 (citations omitted). Judge Fricke, and this Court, conclude he did not.

In ground 4, Petitioner asserts his Fourteenth Amendment due process rights were violated when he "suffered harm and prejudice as a result of prosecutorial misconduct." (Dkt. No. 5 at 10.) He specifically argues the prosecutor acted improperly during closing argument by "improperly vouch[ing]" for S.V.; expressing her personal opinion about Petitioner's guilt; and implying that for the jury to acquit Petitioner, it would need to find that S.V. had lied. (*Id.*) These issues were presented to the state court of appeals as federal and state constitutional violations (Dkt. No. 14-1 at 65–72) but were not specifically identified as federal constitutional violations in Petitioner's motion for discretionary review before the state supreme court. (*See id.* at 259–261) (describing the prosecutor's statement of personal opinion as "'not only unethical but extremely prejudicial'") (citing *State v. Case*, 298 P.2d 500 (1956)).

To fairly present an issue to a state court, a petitioner must include a "reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." *Gulbrandson*, 738 F.3d at 992. Even in cases where a petitioner argues that an error deprived them of a "'fair trial' or the 'right to present a defense,' unless the petitioner clearly alerts the court that he is alleging a specific federal constitutional violation, the petitioner has not fairly presented the claim." *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004); *see also Shumaway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (citation omitted) (holding that a "naked reference to 'due process'" or a "'general appeal to a constitutional guarantee'" are insufficient to present the substance of such a claim to a state court).

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 16

Here, Petitioner explained to the state court of appeals how "[p]rosecutorial misconduct may deprive a defendant of his constitutional right to a fair trial[,]" which is a fundamental liberty secured by both the Washington and United States constitutions. (Dkt. No. 14-1 at 65.) He went on to describe how in his case, the prosecutor's impermissible vouching, expression of opinion, and implications to the jury on what it must do to acquit all undermined that constitutional right. (*Id.* at 66–72.) At the Washington Supreme Court, however, Petitioner did not describe how any of these actions violated his federal (or state) constitutional rights; rather, the misconduct was described in terms of ethics and prejudice. (*Id.* at 259–261.) Therefore, Petitioner's analysis of the issue did not "fairly present" his federal claims to the Washington Supreme Court. And because the constitutional issues raised in ground 4 of Petitioner's habeas petition were not raised at every level of direct review in state court, they are unexhausted and therefore cannot be reviewed on the merits.[5] *Ortberg*, 961 F.2d at 138.

The Court concludes, along with Judge Fricke, that Petitioner failed to exhaust grounds 2, 3, 4, 6, and 7 of his habeas petition.

### 2. Procedural Default

The procedural default doctrine bars a federal court from considering a petitioner's federal claim when it is clear the state court has been presented with the claim but declined to reach the federal issue for procedural reasons, or if a state procedural rule would now preclude the petitioner from raising his claim at the state level. *Bell*, 2025 WL 3852440, at *5 (first citing *Franklin*, 290 F.3d at 1230–1231, then citing *Coleman v. Thompson*, 501 U.S. 722, 731–732 (1991)). This concept is rooted in the adequate and independent state grounds doctrine, which

---

[5] Even if Petitioner had exhausted the constitutional claims in ground 4 in state court, this Court would still not consider those claims on the merits because they are procedurally defaulted. *See* n.6 *infra*.

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 17

instructs that a federal court should not consider an issue of federal law on "direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989) (citation omitted). Procedural default is conceptually distinct from exhaustion in the habeas context. *See Franklin*, 290 F.3d at 1230–1231 (citation omitted) (comparing exhaustion, "when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available . . . under state law" with procedural default, when the state court has been presented with the federal claim "but declined to reach the issue for procedural reasons[]" or because it was "'clear that the state court would hold the claim procedurally barred[]'"). Claims that are procedurally defaulted may not be reviewed on the merits by a federal court. *Bell*, 2025 WL 3852440, at *5 (citation omitted).

Judge Fricke determined that grounds 2, 3, 4, 6, and 7 were procedurally defaulted because a Washington court would find the claims barred by Washington's applicable statute of limitations if Petitioner attempted to present those claims in a subsequent PRP.[6] (Dkt. No. 27 at 25.) Petitioner does not challenge this finding on statute of limitations grounds, nor does he present facts to establish good cause as to why he did not raise grounds 2, 3, 4, 6, and/or 7 at each step of his PRP. (*See generally* Dkt. No. 30); *see also* Wash. Rev. Code § 10.73.140. The Court reviews only for clear error. Fed. R. Civ. P. 72(b); *Venson*, 2019 WL 1531271, at *1.

---

[6] The Washington Court of Appeals issued a mandate finalizing Petitioner's direct appeal on January 12, 2022, after the Washington Supreme Court denied discretionary review. (Dkt. No. 14-1 at 310.) The one-year statute of limitations for Petitioner's PRP or other post-conviction relief tolled in January 2023. Wash. Rev. Code § 10.73.090(1). Petitioner is therefore time-barred from filing a subsequent PRP in state court. *Id.* § 10.73.090(2); *see also Shumway*, 223 F.3d at 988 n.22 (holding that § 10.73.090 is an "adequate [] bar to federal habeas review").

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 18

Having found none, it concludes these grounds in the habeas petition are subject to an implied procedural bar.

### 3. Overcoming Procedural Default

Procedural default will be excused and a petitioner is entitled to federal habeas review if they "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Boyd. v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750). "Cause" must be something "*external* to the petitioner," i.e., "something that cannot fairly be attributed to him[.]" *Coleman*, 501 U.S. at 753. A showing of "prejudice" is a demonstration that the errors at trial "worked to [the petitioner's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Only in extraordinary circumstances (such as where a constitutional violation has resulted in the conviction of a defendant who is actually innocent) can a federal court grant a writ of habeas corpus without a showing of cause and prejudice. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Here, Judge Fricke concluded Petitioner would be unable to overcome procedural default on grounds 2, 3, 4, 6, and 7 because he could not demonstrate an external cause for the default, nor actual prejudice as a result of the alleged constitutional violation or any new evidence showing he is actually innocent. (Dkt. No. 27 at 27.) Petitioner does not refute this finding. (*See* Dkt. No. 30.) Having found no clear error, *see Venson*, 2019 WL 1531271, at *1, the Court agrees with Judge Fricke that a federal court cannot review these grounds of Petitioner's habeas petition on the merits. (*See* Dkt. No. 27 at 27.)

To conclude, Petitioner conceded in his traverse that he did not exhaust grounds 3, 6, and 7. (Dkt. No. 22 at 62, 70.)  The Court rejects his objections to Judge Fricke's analysis on ground 2, because he cannot add new factual bases for an ineffective assistance claim that have not been properly exhausted (Dkt. No. 30 at 22–25); and on ground 4, because he did not fairly present the constitutional claim in ground 4 to the Washington Supreme Court in his motion for discretionary review (*id.* at 25).  Further, Petitioner did not challenge Judge Fricke's determination that grounds 2, 3, 4, 6, and 7 are procedurally defaulted.  (*See generally id.*)  As Petitioner has not put forth facts to overcome procedural default, the Court hereby DENIES grounds 2, 3, 4, 6, and 7 of Petitioner's habeas petition with prejudice.[7]

### B.  Merits Review of Exhausted Claims

Judge Fricke determined that grounds 1, 2 (limited to the allegations related to the timeline of Davis's text messages, *see* n.4 *supra*), and 5 had been properly exhausted.  (Dkt. No. 27 at 5.)  However, she concluded that at each phase of Petitioner's proceedings, the state courts' determination on Petitioner's ineffective assistance of counsel claims was not unreasonable or contrary to an application of clearly established Supreme Court precedent.  (*Id.* at 14, 15, 17.)  Therefore, Judge Fricke recommended denying Petitioner's grounds 1, 2, and 5 on the merits.

### 1.  Ineffective Assistance of Counsel Claims

The Sixth Amendment of the Constitution guarantees a criminal defendant the right to effective assistance of counsel.  *Strickland*, 466 U.S. at 686; U.S. CONST. amend. VI.  Ineffective

---

[7] When a petitioner's claims are unexhausted, the district court can dismiss without prejudice "to give the prisoner a chance to return to state court to litigate his unexhausted claims before he can have the federal court consider his claims."  *Franklin*, 290 F.3d at 1231.  However, if a petitioner's claims are procedurally barred and the petitioner cannot overcome the default, the district court must dismiss with prejudice because there is no further recourse for the petitioner in state court.  *Id.*  Here, the Court concludes Petitioner's grounds 2, 3, 4, 6, and 7 are both unexhausted and procedurally defaulted; accordingly, they are dismissed with prejudice.

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 20

assistance of counsel claims are evaluated under the two-prong test from *Strickland*: the defendant must prove that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. 466 U.S. at 687. A reviewing court need not address both prongs of the inquiry if the defendant makes an insufficient showing on one prong. *Id.* at 697.

Under the first prong, the defendant must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential," and courts should be careful to "eliminate the distorting effects of hindsight[.]" *Id.* at 689. To satisfy prong one, a defendant must overcome the presumption that the challenged action "might be considered sound trial strategy." *Id.* (citation omitted).

The second prong requires a showing of actual prejudice. *Id.* at 694. In order to establish actual prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A "reasonable probability" is one that is sufficient, under an objective standard, to "undermine confidence in the outcome." *Id.*

In a case such as this one, where a court considers an ineffective assistance of counsel claim on federal habeas review, the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable"—a different question than whether defense counsel's performance fell below the *Strickland* standard on direct review. *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (review of ineffective assistance claims under § 2254(d)(1) is "doubly deferential"). Accordingly, a state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Put simply, AEDPA "demands more" than

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 21

a straightforward *Strickland* analysis. *Id.* at 102. The state prisoner must show that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[8] *Id.* at 103.

### 2. Ground 1

Judge Fricke reviewed the state court record and concluded the state court's application of the standards from *Strickland* and *Lafler v. Cooper*, 556 U.S. 156 (2012), was not unreasonable when analyzing Petitioner's claim that he was prejudiced when his counsel did not properly inform him of the sentencing range he potentially faced. (Dkt. No. 27 at 10–14.) Though difficult to parse, Petitioner's specific objections to the R&R's analysis appear to be premised on Judge Fricke's agreement with the Washington Court of Appeals' conclusion that Petitioner would only accept a plea deal that did not include a sex offense charge. (Dkt. No. 30 at 2.) He argues this finding runs against federal and state court precedent. (*See id.* at 2–5) (citing *Baker v. United States*, 109 F.4th 187 (3d Cir. 2024) and *State v. Drath*, 431 P.3d 1098 (Wash. Ct. App. 2018)).

There are two issues with Petitioner's objections on these grounds. First, Petitioner relies heavily on the Third Circuit's analysis in *Baker* to support his position that the Washington Court of Appeals gave too much weight to the fact Petitioner sought a plea offer without a sex charge in its ultimate conclusion that he would not accept any plea offer presented by the State. (Dkt. No. 30 at 3–4.) But Petitioner does not identify aspects of the state court's analysis that

---

[8] There is arguably a third layer of deference at play here, as this Court is reviewing Judge Fricke's R&R and it reviews de novo only those parts of the R&R that have been properly objected to. Fed. R. Civ. P. 72(b). Otherwise, it will review for clear error in Judge Fricke's findings and recommendations. *Venson*, 2019 WL 1531271, at *1.

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 22

were so unreasonable or contrary to Supreme Court precedent that no reasonable jurist could agree with the state court.[9] *Richter*, 562 U.S. at 101. Petitioner also does not contend with Judge Fricke's substantive review of the state court's analysis. *See Riley v. Plaintiffs or D.A.*, Case No.: 21-CV-1805 TWR (LR), 2024 WL 6843625, at *2 (S.D. Cal. June 12, 2024) (rejecting a habeas petitioner's objections that "barely acknowledge[d]" the R&R and instead "speculate[d] as to an alternative version of the events" surrounding the crime he committed). In the R&R, Judge Fricke carefully considered the following:

- The Washington Court of Appeals determined the record showed trial counsel contacted Petitioner to discuss the State's May 10, 2019 plea offer and Petitioner "'steadfastly refused to plead guilty to any form of a sex offense, regardless of the potential sentencing ranges'";

- In trial counsel's response to the bar complaint Petitioner filed in 2020, counsel explained Petitioner was offered three plea deals, all of which required Petitioner to plead guilty to a felony sex crime, and Petitioner "always maintained he was innocent";

- Trial counsel told Petitioner that if he accepted the "last offer from the State," he would have had to plead guilty to third-degree rape and domestic violence with a potential sentencing range of 6–12 months; Petitioner was apparently "not interested in any of the State's offers because every offer required him to plead guilty to a felony" and the only type of plea he would consider was "'a misdemeanor non-sex offense'";

- Petitioner's claim that he would have accepted the May 10, 2019 plea offer is "contradicted" by his statements where he claimed:

---

[9] Petitioner's citation to *Baker* is of limited effect for the additional reason that it is not binding on this Court. *See Int'l Chem. Workers Union Council v. NLRB*, 467 F.3d 742, 748 n.3 (9th Cir. 2006) ("out-of-circuit authority" is "not binding on us").

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 23

- o "'I was especially adamant about not raping the plaintiff, and the removal of any and all sex offense charges were the most important thing to me'"; and
- o "'I would be willing to plead guilty and accept the year in county jail, if the state dropped the third degree rape or any type of sex offense charges'"; and

- During sentencing, the trial court determined "fourth degree assault with domestic violence counted as a point for criminal history," leading to an assessment that the standard sentencing range for second-degree rape and fourth-degree assault, both with domestic violence designations, would be 86–114 months.

(Dkt. No. 27 at 12–13) (citing Dkt. Nos. 14-2 at 285, 287, 288–289, 296, 300; 14-3 at 29, 58, 98–99) (documents reviewed included trial counsel's written repose to the bar complaint filed by Petitioner, the May 10, 2019 settlement offer with trial counsel's handwritten notes, Petitioner's reply in support of his PRP, and the Washington Court of Appeals' unpublished opinion on Petitioner's PRP).  Based on the foregoing, Judge Fricke concluded the state court's ruling was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  (Dkt. No. 27 at 14) (citing *Richter*, 562 U.S. at 103).

Upon a de novo review, this Court cannot say that Judge Fricke erroneously concluded the Washington state courts' application of *Strickland* and *Lafler* was objectively reasonable. (*See* Dkt. No. 27 at 14); *accord. Cannedy v. Adams*, 706 F.3d 1148, 1157 (9th Cir. 2013) (citations omitted) (even if the reviewing habeas court making the "unreasonable application" inquiry determines the state court arrived at "what [it] think[s] to be an incorrect result," the court must uphold the result in the state court unless the state court's application of clearly established federal law was objectively unreasonable).

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 24

Second, though couched as objections to Judge Fricke's analysis of the state court's findings, Petitioner uses the opportunity to rehash arguments regarding his plea deal and counsel's communication about the sentence he faced.  (*See* Dkt. No. 30 at 7–13.)  He reasserts his central claim that had he known he faced a "potential life, or indeterminate sentence, he would have readily accepted the plea deal requiring him to plead guilty to rape 3, and a 6–12 month sentence (offered on May 10, 2019)."  (*Id.* at 9.)  But he provides no basis in the record for this statement.  *See Lee v. United States*, 582 U.S. 357, 369 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.").  In any event, objections to an R&R are not a vehicle to relitigate claims that have already been considered and dismissed.  *Hagberg v. Astrue*, Case No. CV–09–01–BLG–RFC–CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009) (objections to a Magistrate Judge's R&R "are not a vehicle for the losing party to relitigate its case[]"); *Williams v. Navarro*, Case No. 18-cv-1581, 2022 WL 16758479, at *2 (S.D. Cal. Nov. 8, 2022) (General objections "that seek to relitigate the entire matter by repeating the same arguments made to [the] Magistrate Judge . . . are overruled."), *aff'd*, 2024 WL 1875007 (9th Cir. Apr. 30, 2024).  Even if the Court were to consider Petitioner's improperly made objections, the arguments he makes fail to address the question of whether the state court's application of the *Strickland* standard was unreasonable—a separate question from "whether defense counsel's performance fell below *Strickland*'s standard."  *Richter*, 562 U.S. at 101.  The Court concurs with Judge Fricke's analysis and concludes that ground 1 of Petitioner's habeas petition is DENIED.

### 3.  Ground 2

Judge Fricke found the state court's conclusion that counsel's strategic choices related to the timeline and reliability of the text messages between S.V. and Davis was not contrary to or

an unreasonable application of clearly established Supreme Court law, nor was it based on an unreasonable determination of facts of record.  (Dkt. No. 27 at 15.)  Petitioner objects and presents various reasons he believes trial counsel should have challenged the time stamps or reliability of the text messages.  (Dkt. No. 30 at 13–22.)

Many of the arguments Petitioner asserts in his objections were already presented to either Judge Fricke or the state courts.  For example, he argues counsel should not be permitted to use the label "trial strategy" as a "shield" for the failure to point out the "discrepancies" in the timeline of the text messages between S.V. and Davis.  (*Id.* at 15.)  Petitioner goes on to describe the apparent discrepancies himself.  (*Id.* at 15–19.)  As Judge Fricke pointed out, the Washington Court of Appeals considered these same arguments when considering Petitioner's PRP and concluded trial counsel "believed at least some of the text messages 'cast doubt on [S.V.'s] credibility'" and had identified certain text messages he would have sought to offer into evidence had the prosecution not planned to introduce the messages.  (Dkt. Nos. 14-3 at 108; 27 at 14.)  Further, the state court pointed out evidence from the record that contradicted some of Petitioner's assertions about the timeline of the text messages.  (Dkt. No. 14-3 at 109) (stating the jury did in fact hear that S.V. did not immediately produce the messages to law enforcement and that the full message chain was retrieved a year later, despite Petitioner's insistence that the jury did not hear this information).  Judge Fricke concluded the state court properly considered Petitioner's claims when it concluded trial counsel's actions did not run afoul of *Strickland*.  (Dkt. No. 27 at 14–15.)  That conclusion is amplified by the deference afforded to state courts under § 2254(d).  *See Richter*, 562 U.S. at 102 (AEDPA "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts" with Supreme Court precedent, but "[it] goes no further[]").

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 26

In sum, because the objections on ground 2 amount to nothing more than Petitioner's disagreement with the R&R's (and the state courts') conclusions regarding the effectiveness of counsel's treatment of the text messages, the objections are insufficiently specific to trigger this Court's obligation to review de novo. *E.g.*, *Williams v. Navarro*, 2022 WL 16758479, at *2 (General objections "that seek to relitigate the entire matter by repeating the same arguments made to [the] Magistrate Judge . . . are overruled."), *aff'd*, 2024 WL 1875007 (9th Cir. Apr. 30, 2024). The Court finds no clear error on the record before it. Ground 2 of Petitioner's habeas petition is DENIED.

### 4.  Ground 5

Judge Fricke concluded Petitioner failed to show that trial counsel's decision not to move for a change of venue based on the lack of Black jurors in the jury pool did not violate either prong of *Strickland*. (Dkt. No. 27 at 17.) She agreed with the state court of appeals' conclusion that counsel's attempts to address racial concerns in Petitioner's case through voir dire and not through a change of venue was a legitimate trial strategy that did not amount to deficient performance. (*Id.*) Based on this, Judge Fricke concurred that the state court reasonably determined counsel had acted effectively. (*Id.*) Petitioner does not object to this conclusion. (*See* Dkt. No. 30.) This Court reviews and finds no clear error. Fed. R. Civ. P. 72(b); *Venson*, 2019 WL 1531271, at *1. Ground 5 of Petitioner's habeas petition is accordingly DENIED.

### C.  Evidentiary Hearing

Judge Fricke recommended this Court not hold an evidentiary hearing because "Petitioner's claim may be resolved on the existing state court record." (Dkt. No. 27 at 29.) Petitioner does not object to this recommendation. (*See* Dkt. No. 30.)

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 27

The decision to hold an evidentiary hearing is within this Court's discretion, though the Court must consider the standards prescribed in § 2254 in deciding whether a hearing is appropriate. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* at 474. A reviewing federal court may not consider any facts beyond the record presented to the state post-conviction relief court (here, the Washington Court of Appeals on Petitioner's PRP) unless one of the limited exceptions in § 2254(e)(2) applies. *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022).

Here, the Court agrees with Judge Fricke that this case can be resolved on the existing state court record. As discussed, grounds, 3, 4, 6, 7, and part of ground 2 are both unexhausted and procedurally defaulted. *See* Section IV(A) *supra*. And though grounds 1, 5, and part of ground 2 were properly exhausted, this Court agrees with Judge Fricke that the Washington state courts' analysis and conclusions on the issues raised by Petitioner here were not contrary to, or an unreasonable application of, clearly established federal law. (Dkt. No. 27 at 29–30); *see also* Section IV(B) *supra*.

Because the Court finds that Petitioner's claims can be resolved on the existing state court record and none of the exceptions under § 2254(e)(2) apply, the Court DENIES Petitioner's motion to appoint counsel (Dkt. No. 23).[10]

---

[10] The Court also agrees with Judge Fricke's assessment that a certificate of appealability should be denied because Petitioner has not made a "substantial showing of the denial of a constitutional right." (Dkt. No. 27 at 29) (citing 28 U.S.C. § 2253(c)(2)); *see also Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009).

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 28

## V    CONCLUSION

The Court has reviewed Petitioner's objections (Dkt. No. 30), Judge Fricke's R&R (Dkt. No. 27), Petitioner's petition for writ of habeas corpus and motion to appoint counsel (Dkt. Nos. 5; 23), and the entire record de novo.  The Court ADOPTS in full Judge Fricke's R&R and ORDERS:

1.  Petitioner's petition for writ of habeas corpus (Dkt. No. 5) is DENIED with prejudice pursuant to §§ 28 U.S.C. 2254(d)(1) and 2254(d)(2);

2.  Petitioner's motion to appoint counsel (Dkt. No. 23) is DENIED; and

3.  A Certificate of Appealability is DENIED.

The Clerk is directed to send a copy of this order to Petitioner.


Dated this 13th day of April 2026.

David G. Estudillo
United States District Judge

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 27) AND PETITIONER'S OBJECTIONS (DKT. NO. 30) - 29