UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WENDELL MAURICE CLARK,

                    Petitioner,

        v.

SCOTT SPEER,

                    Respondent.

CASE NO. 3:24-cv-06036-DGE-TLF

ORDER ON PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Before the Court is Petitioner's motion for extension of time to file a notice of appeal and certificate of appealability. (Dkt. No. 33.)

The Court assumes familiarity with the procedural history of this case. On April 13, 2026, the Court adopted Chief U.S. Magistrate Judge Theresa L. Fricke's Report and Recommendation in full, denying Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 5) and denying a certificate of appealability ("COA"). (*See* Dkt. No. 31.) Now, Petitioner requests a 45-day extension to file his notice of appeal and COA to the Ninth Circuit for two reasons. First, Petitioner requests additional time because he is proceeding

ORDER ON PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL - 1

pro se and "needs additional time to research legal precedent and legal theories" related to his appeal of this Court's final order, and further, because it takes 3–5 days for prisoners to be scheduled to attend the law library.  (Dkt. No. 33 at 1.)  Second, Petitioner explains he did not receive the denial of his habeas petition until the end of the day on April 15, 2026, and was unable to get access to the law library at Stafford Creek Corrections Center to begin researching his case until April 21, 2026—more than eight days after the Court's ruling.  (*Id.*)

Under Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from."  The district court may extend the time to file a notice of appeal no later than 30 days after the time for filing a notice of appeal expires, or, regardless of whether the motion is filed during the appeal period, if the requesting party "shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A)(i)–(ii).  Such an extension may exceed no more than 30 days after the prescribed appeal time or 14 days after the date when the order granting the motion is entered, whichever is greater.  Fed. R. App. P. 4(a)(5)(C).

The Court will grant Petitioner's request for an extension because he has moved within the 30-day appeal period, and because he has shown good cause for the extension.  *E.g.*, *Williams v. Adams*, Case No. CV F 04-5203 DLB HC, 2006 WL 1071962, at *1 (E.D. Cal. Apr. 24, 2006) (granting a petitioner's extension of time because it was filed within the 30-day appeal period and because the petitioner cited to "prison transfers over which he [had] no control[]").  Petitioner's current appeal period is set to expire on May 13, 2026.  Fed. R. App. P. 4(a)(1)(A).  However, the Court cannot grant Petitioner the full 45 days he requests, because the extension may not exceed "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."  Fed. R. App. P. 4(a)(5)(C).  Here, 30 days

ORDER ON PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL - 2

from the end of the appeal period is June 12, 2026. Petitioner's notice of appeal must be filed no later than that date.

As to the COA: Under Ninth Circuit Rule 22-1(d), if the district court denies a COA on all issues, the appellant may file a request for a COA "that complies with Circuit Rule 27-1 in the court of appeals within 35 days of the filing of a notice of appeal or amended notice of appeal, or the district court's denial of a COA in full, whichever is later." However, if the appellant does not file a COA request after the district court's full denial of a COA, "the court of appeals will deem the notice of appeal to constitute a request for a COA." *Id.* Here, the Court denied a COA on all issues. (*See* Dkt. No. 31 at 28 n.10.) Accordingly, Petitioner shall follow Ninth Circuit Rule 22-1(d) to request a COA.

Petitioner's motion for extension of time to file a notice of appeal (Dkt. No. 33) is GRANTED in part. Petitioner SHALL file his notice of appeal to the Ninth Circuit on or before **June 12, 2026**. Petitioner SHALL follow Ninth Circuit Rule 22-1(d) to request a COA.

Dated this 6th day of May 2026.



David G. Estudillo
United States District Judge

ORDER ON PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL - 3