UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WENDELL MAURICE CLARK,

                        Petitioner,

        v.

SCOTT SPEER,

                        Respondent.

CASE NO. 3:24-cv-06036-DGE-TLF

ORDER ON MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* (DKT. NO. 37)

Before the Court is Petitioner's motion for leave to appeal *in forma pauperis* ("IFP"). (Dkt. No. 37.)  On June 10, 2026, Petitioner filed a notice of appeal of the Court's order adopting Chief U.S. Magistrate Judge Theresa L. Fricke's Report and Recommendation in full (Dkt. No. 31), denying Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 5) and denying a certificate of appealability.  (Dkt. No. 36.)

Federal Rule of Appellate Procedure 24 provides guidance on proceeding IFP at the appellate level.  Under Rule 24(a)(3), "[a] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate

ORDER ON MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (DKT. NO. 37) - 1

defense in a criminal case, may proceed on appeal in forma pauperis without further authorization," with two exceptions.  First, if the district court certifies (either before or after the notice of appeal is filed) that the appeal "is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding[,]" and second, if "a statute provides otherwise."  Fed. R. App. P. 24(a)(3)(A)–(B); *see also* 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith").

Here, Petitioner's request to proceed IFP has already been granted at the district court level.  (*See* Dkt. No. 4.)  Additionally, the appeal is taken in good faith because it seeks review of a non-frivolous issue.  *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  An issue is "frivolous if it has no arguable basis in fact or law."  *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (citation and internal quotation marks omitted).  "Legally frivolous claims are those 'based on an indisputably meritless legal theory,' such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist."  *Sanders v. Fitness Int'l LLC*, Case No. CV-23-00481-PHX-MTL, 2024 WL 945132, at *1 (D. Ariz. Feb. 7, 2024) (quoting *Neitze v. Williams*, 490 U.S. 319, 327 (1989)).  "Factually frivolous claims are those premised on 'clearly baseless' factual contentions, such as claims 'describing fantastic or delusional scenarios.'"  *Id.* (quoting *Neitze*, 490 U.S. at 327–328).

In his notice of appeal, Petitioner identifies he is appealing the issue of whether he was prejudiced when he rejected his plea offers in his state criminal proceedings due to the erroneous advice of trial counsel, based in part on a misapplication of the *Strickland* standard.  (Dkt. No. 36-1 at 3–12.)  As the Court previously explained, Petitioner faces an uphill battle in challenging the constitutionality of his confinement because of the layers of deference at issue in this case.

(*See* Dkt. No. 31 at 9–11 (describing legal standards for habeas petitions under 28 U.S.C. § 2254), 21–22, 22 n.8 (describing "doubly deferential" standard of ineffective assistance of counsel claims on federal habeas review).)  However, the Court cannot say Petitioner's claim on appeal "has *no* arguable basis in fact or law."  *O'Loughlin*, 920 F.2d at 617 (citation and internal quotation marks omitted) (emphasis added).

Because Petitioner's request to proceed IFP was already approved by this Court (Dkt. No. 4), and because Petitioner's appeal is taken in good faith, the motion to proceed IFP before the Court of Appeals (Dkt. No. 37) is GRANTED.

Dated this 30th day of June 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (DKT. NO. 37) - 3